## BENEFIELD v. WOODS BROS. CONST. CO.

(Circuit Court of Appeals, Fifth Circuit.
February 15, 1927.)

No. 4798.

1. Trial ⊚⟹139(1)—Direction of verdict is proper, where verdict to contrary should be set aside.

It is duty of trial judge to direct verdict, where evidence so clearly preponderates that, in exercise of sound discretion, verdict to contrary should be set aside.

2. Master and servant ⊚⟹286(13)—Verdict held properly directed for employer of section foreman, injured by derailment of gasoline motorcar.

Under the evidence, in servant's action for injury based on claim of defect in the gasoline motorcar with which he, as section foreman, was furnished, and which was derailed at point where he was sent to repair damaged track, held, verdict was properly directed for defendant.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action by J. T. Benefield against the Woods Bros. Construction Company. Judgment on a verdict directed for defendant, and plaintiff brings error. Affirmed.

J. H. Mize, of Gulfport, Miss. (Mize & Mize and J. L. Taylor, all of Gulfport, Miss., on the brief), for plaintiff in error.

Jas. A. Leathers, of Gulfport, Miss. (Leathers & Sykes, of Gulfport, Miss., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error, hereafter referred to as plaintiff, brought suit against defendant in error, hereafter called defendant, to recover damages for personal injuries alleged to have been caused by the negligence of defendant. At the close of the evidence the District Court directed a verdict in favor of defendant. Error is assigned thereto.

The declaration in substance alleges that defendant owns a line of railway extending along the seashore of the Mississippi Sound, over which it operates cars propelled by gasoline; that plaintiff was employed as section foreman, and was furnished with a gasoline motorcar to be used by him in the scope of his employment; that the car furnished to plaintiff was defective in that the bolts which hold the axle to the frame were loose, permitting the axle to wabble or shift along the frame, which caused a wreck in which plaintiff was injured.

The undisputed facts are these: Defendant is engaged in constructing a sea wall on the seashore of the Mississippi Sound, and operates a narrow-gauge railroad as a facility for doing the work. This track sometimes is pushed out of line at various places, when it is crossed by steam cranes used in the work. Plaintiff was directed to go to a certain point where the track had thus been damaged to make repairs to it. He went with his crew and the car in some way was permitted to run over the defective track. It was then derailed, and plaintiff was injured, though not very seriously. The evidence for the defendant conclusively shows that the car was new and in perfect order; that the usual construction of such cars is to have one wheel loose, with a certain amount of play on the axle, in order to facilitate putting the car on and off the track when necessary to do so; and that a car that is so constructed is perfectly safe when properly operated, the loose wheel being kept to the rear. Plaintiff's evidence fails to offset that of the defendant. It discloses that he was an experienced section foreman, knew the construction of hand cars such as the one in question, and does not show that the car which he was using when injured was defective.

[1, 2] The rule is well settled that in federal courts it is the duty of the trial judge to direct a verdict whenever the evidence so clearly preponderates that, in the exercise of

sound discretion, a verdict to the contrary should be set aside. In this case it was not error to direct a verdict for defendant.

As no error appears in the record the judgment of the District Court is affirmed.